IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK BALL, | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 08-CV-6052 |
| v. | : | |
| | : | |
| RAYMOND LAWLER, et al., | : | |
| Respondents | | |

O R D E R

**AND NOW**, this 9th day of September, 2009, upon careful and independent consideration of the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and consideration of petitioner's objections to the Report and Recommendation, the response to these objections and the petitioner's traverse, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections are **OVERRULED**;[1]

---

[1] Although I have carefully reviewed the objections and the traverse of the petitioner to the Magistrate Judge's Report and Recommendation, I have not written separately because the excellent Report of Magistrate Judge Hey accurately and comprehensively has analyzed all of the issues raised. Petitioner's conviction became final on October 20, 2003, thirty days after petitioner's post-trial motions were denied by operation of law. *See* Pa. R. App. Proc. 720(A)(2)(b). Thus, petitioner needed to file his habeas petition on or before October 20, 2004. Petitioner, however, waited until November 11, 2008 to file for habeas relief. While petitioner filed a motion to reinstate his appellate rights in state court and a PCRA petition in the interim, the motion and the petition were untimely under state law. Untimely petitions are not "properly filed" and, therefore, do not toll the one-year federal statute of limitations under § 2244(d)(1)(A). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Petitioner cannot rely on newly discovered evidence because he acknowledges that he became aware of the factual predicate of his claim against attorney Griffith on April 10, 2006. Even accepting this date, his habeas petition is untimely since it was not filed until November 11, 2008, over two years later.

As explained by Judge Hey, petitioner also does not qualify for equitable tolling because he did not act with reasonable diligence. Again, even if the court accepted his argument that he

2. The Report and Recommendation of Judge Elizabeth T. Hey is **APPROVED** and **ADOPTED**;

3. The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** as untimely;

4. The petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability, *see* 28 U.S.C. § 2253(c); and

5. The Clerk shall **CLOSE** this case statistically.

                                                       s/William H. Yohn Jr.
                                                      William H. Yohn Jr., Judge

---

did not learn that his attorney did not file a direct appeal until April 10, 2006, he did not file his federal habeas petition until November 11, 2008, over two years later, a period which under any definition would not qualify as exercising due diligence.